1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Devonte Burton,

        Petitioner,

  v.

U.S. District Court for the District of Nevada, et al.,

        Respondents.

Case No. 2:25-cv-01403-ART-EJY

ORDER

*Pro se* Petitioner Devonte Burton commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF Nos. 1-1, 5) under 28 U.S.C. § 2241. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the § 2241 petition without prejudice to Burton raising his claims in his ongoing federal criminal matter.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Based on the scant information from the petition, it appears that Burton seeks to challenge his ongoing federal criminal matter. *See USA v. Burton*, Case No. 2:24-cr-00064-RFB-EJY-10. Habeas corpus is not the appropriate vehicle for

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Burton's pretrial challenges to his federal criminal proceedings. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (allowing defendants to simultaneously pursue both § 2241 petitions and raise challenges in their criminal proceedings "would eviscerate [the] goal of judicial economy by engaging the attention of two courts on the same case at the same time"); *Thoresen v. Goodwin*, 404 F.2d 338, 339 (9th Cir. 1968) ("Trial, and not habeas corpus, is the appropriate manner of resolving the issue of guilt of the federal crime and subordinate issues relating to elements of the crime.").

Burton's claims should be raised in his ongoing criminal case, not in a pretrial 28 U.S.C. § 2241 petition. Accordingly, the Court denies the petition without prejudice to Burton raising his claims in his ongoing federal criminal matter and dismisses this action.

**IT THEREFORE IS ORDERED:**

1. Petitioner Devonte Burton's Petition for Writ of Habeas Corpus (ECF No. 1-1, 5) is denied without prejudice to Burton raising his claims in his ongoing federal criminal matter and this action is dismissed.

2. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

3. The Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED THIS 8th day of October, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE